LEE, J.,
for the Court:
¶ 1. The County Court of Lowndes County entered a final judgment in favor of Vital Care of Columbus, Ltd. in the amount of $1,794.69 pursuant to a contract for services rendered by Vital Care to the husband of Robin Elmore. This Court notes in the interim of the county court judgment and Elmore’s appeal to the circuit court an authority to cancel the judgment was filed, perhaps to eliminate paying the supersedeas bond. Nevertheless, Elmore continued her appeal to the Circuit Court of Lowndes County. The circuit judge affirmed the judgment in the sum of $1,794.69 rendered by the county court. Subsequently, Elmore filed a timely appeal to this Court and presents the following issue whether the trial court erred in finding for Vital Care, Ltd. based on the evidence presented to support its claim. Finding this argument to have merit, the order is reversed and the cause is rendered.
FACTS
¶ 2. Robin Elmore signed a contract with Vital Care, Ltd. to obtain IV services and supplies to be used for the benefit of her husband at home. Elmore agreed to pay Vital Care for the services and supplies used by her husband. Testimony revealed that Vital Care did in fact render services and provide supplies to Elmore’s husband. There was a policy of insurance in effect that paid a portion of the medical bills; however, Vital Care contended that the total sum of $2,044.69 had not been covered by the policy of insurance and was still owed by Elmore as her twenty percent co-pay. Thereafter, . Vital Care made unsuccessful attempts to collect the sum of $2,044.69 from Elmore.
¶ 3. Elmore denied that she owed the balance and refused to pay. Vital Care brought an action in county court to obtain the amount owed by Elmore. Vital Care *549 presented an itemized statement of costs to the county court to substantiate the total sum it claimed was owed by Elmore. The final figures presented by Vital Care showed the total sum of expenses as $13,-943.96; there was an insurance adjustment of $2,520.49, and insurance benefits were paid in the total sum of $9,378.78, leaving a remaining balance of $2,044.69. It is at this point the confusion relative to the total sum outstanding and owed by Elmore began.
¶ 4. After hearing the testimony, the county court entered a judgment in favor of Vital Care in the total sum of $206.95. Vital Care filed a motion to reconsider stating that $206.95 only equaled one week of co-pay and requested the total amount of co-pay in the sum of $2,044.69 be awarded. The county court found the motion to be well taken, and upon the county court’s calculations entered a modified judgment which awarded the total sum of $1,794.69 to Vital Care. Elmore appealed the final judgment entered by the county court to the Circuit Court of Lowndes County. The circuit court affirmed the judgment of the county court. Specific facts will be discussed as necessary in the body of the opinion.
DISCUSSION
WHETHER THE LOWER COURT ERRED IN FINDING FOR VITAL CARE, LTD. BASED ON THE EVIDENCE PRESENTED TO SUPPORT ITS CLAIM
¶ 5. Elmore’s main objection to the factual evidence presented to the trial court focuses on the figures contained in an itemized billing which show amounts for services, supplies, insurance payments and adjustments which was presented by Vital Care. In particular, Elmore contends that the sums denoted as “balance after insurance paid” (hereinafter “BAIP”), which total the sum of $2,219.69, were not charges for services and supplies and should have been excluded from the calculations which derived the total sum of charges equaling $13,943.96. Elmore continues her argument by asserting that when the total sum of the BAIP is not included it results in an overpayment by the insurance company instead of leaving an outstanding balance owed by Elmore. Elmore contends that the testimony of the president from Vital Care supports the argument that the sums denoted as BAIP should have been subtracted instead of added in reaching an overall sum owed.
¶ 6. Elmore extracted a portion of the testimony given by the president of Vital Care relative to the actual charges the BAIP actually reflected on the statement and the fact that the president responded, “I do not know.” This Court also notes that the president testified that the BAIP did not represent a sum for goods and' services rendered to James Elmore.
¶ 7. Vital Care argues the BAIP figures are the twenty percent co-pay owed by Elmore. Vital Care asserts that the only error which might have been committed is the fact that the trial judge rendered a judgment in an amount less than that demanded in the complaint by Vital Care. Vital Care cites Dungan v. Dick Moore, Inc., 463 So.2d 1094, 1100 (Miss.1985), for the contention that when findings of fact are made by a trial court sitting without a jury, those findings may not be disturbed on appeal if there is substantial evidence to support those findings. Additionally, Vital Care relies on the standard of review requiring that findings of fact made by a trial judge sitting without a jury not be set aside on appeal unless manifestly wrong. Id.; see also Cotton v. McConnell, 435 So.2d 683, 685 (Miss.1983). Vital Care has cited the correct standard of review applicable in the evaluation of the factual findings made by the trial court. While applying this standard, we must now review the facts contained within the record and .determine whether substantial evidence was presented by Vital Care to support the findings of the trial court.
*550 ¶ 8. After reviewing the arguments presented by Elmore and Vital Care and a close examination of the record, this Court determines that the trial court committed manifest error when it rendered a judgment in the amount of $1,794.69. The record does not contain substantial evidence to support the conclusion reached by the trial court. The following charts will show how this conclusion was reached and why the trial court was in error.
Trial coui't’s calculations for services and supplies from Exhibit 5 Correct Calculations of total charges
Charges 9/29/94 $3,786.43 $4,786.43
Charges 10/03/94 3,002.76 3,002.75
Charges 10/13/94 1,449.77 1,449.77
Charges 10/20/94 1,449.77 • 1,449.77
Charges 10/27/94 1,034.75 1,034.75
Charges 09/29/94 + 625.00
11,348.47 11,723.47
Less Adjustments - 2,520.49
Total 11,348.47 9,202.98
As shown above, Exhibit 5 used by 'the lower court correctly enumerated the charges in that it did not include in its calculations the charges identified as BAIP. The BAIP is an amount that is calculated as twenty percent of the amount billed, which is the amount usually due as a co-payment for insurance. It should therefore, logically, not be added to the charges billed because that would in essence duplicate that portion of the charges already billed. A helpful, straight forward concept of what has occurred in the case at bar was demonstrated in Elmore’s brief as follows:
Dr. Visit $ 50.00
Balance After Insurance Paid $ 10.00
Dr. Visit í> 50.00
Balance After Insurance Paid 10.00
Total Charges $120.00
In the aforementioned example the proper charges would be $100 for the two $50 doctor visits and not the total of $120 as shown in the example above.
¶ 9. However, though the trial court was correct in not including the BAIP in its calculation for the total charges of $11,-848.47, the total charges are still incorrectly calculated because the lower court failed to deduct from those charges the adjustment for overcharges of $2,520.49 made by the insurance company itself. The adjustments must therefore be deducted from the total charges and are reflected as such in our corrected version of the trial court’s calculations. We find that the trial court’s failure to make this deduction constitutes manifest error and merits reversal. Cotton, 435 So.2d at 685.
¶ 10. Additionally, though the amount paid under the policy of insurance is not in dispute, we find it to constitute an overpayment on the behalf of the insurer to Vital Care. The insurance payments of $9,378.78 were made based on eighty percent of the charges prior to the adjustments having been made for the overcharges (eighty percent of $11,723.47 = $9,378.78). It is interesting that the insurance company, in calculating its payment, calculated the amount based on total charges of $11,723.47, which is the amount that this Court has calculated as the correct charges prior to the deductions for the overcharges rather than the total utilized by the trial court which was supplied by Vital Care. As a result of the demands of the insurer, adjustments were made for overcharges in the amount of $2,520.49; the insurer, however, did not modify the insurance payments in accordance with the deduction for the adjusted charges. The result is that the insurance company overpaid Vital Care in an amount equivalent to eighty percent of $2,520.49, an amount of $2,016.39.
¶ 11. Conceptually, the above discussion constitutes the basis of the error of the lower court and the insurer; however, there are several arithmetical errors in calculation that must be addressed as well. First, the figure used by the trial court taken from the appellant’s Exhibit 5 itemized as $3,786.43 for September 29, is in error. That charge should have been $4,786.43. Additionally, the final charge in the sum of $625 for September 29 should not have been added to the initial charges for that date because that charge is already included as a charge in the total sum *551 of $4,786.43. The corrected totals are thus:
Correct Calculation of Charges, Payments, and Adjustments
Total Amount of Charges $11,723.47
Credit for Adjustments 2,520.49
Corrected Charges 9,202.98
80% of Corrected Charges 7,362.39 portion coyered' by insurance
20% of Corrected Charges 1,840.59 amount of co-payment
Calculations of the trial court
Total Amount of Charges $11,348.47
Total Insurance Payments - 9,378.78
Credit for Overpayment 175.00
Amount due by Appellant 1,794.69
¶ 12. Since the insurance policy agreement providing for Elmore covered eighty percent of the allowable charges, leaving the remaining twenty percent as the co-payment to be paid by the insured, we find that Elmore’s portion owed to Vital Care would have been $1,840.59, as calculated above.
CONCLUSION
¶ 13. Vital Care relies on the standard of review requiring a finding of manifest error in .order to reverse a trial judge’s findings of fact on appeal. Dungan v. Dick Moore, Inc., 463 So.2d 1094, 1100 (Miss.1985). Our computations show that as a result of errors in calculation and poor accounting procedures the insurance company overpaid Vital Care, in essence resulting in the payment of an amount equal to Elmore’s co-payment. We therefore find, that at the time this suit was filed, that Vital Care faded to show that any debt was owed to it. The trial court was manifestly wrong in finding that Vital Care met its burden of proof of showing by a preponderance of the evidence that a debt was owed and we reverse and render.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, MOORE, AND PAYNE, JJ„ CONCUR. IRVING AND THOMAS, JJ, NOT PARTICIPATING.